Craig C. Hoffman (026017)
hoffmanc@ballardspahr.com
Tyler Hodgin (039295)
hodgint@ballardspahr.com
BALLARD SPAHR LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400
Facsimile: 602.798.5595

*Attorneys for Defendant*
*National Debt Relief, LLC*

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gheorghe Vasile,<br><br>Plaintiff,<br><br>vs.<br><br>National Debt Relief, LLC,<br><br>Defendant. | NO. 4:25-CV-00593-EJM<br><br>**ANSWER OF NATIONAL DEBT RELIEF TO COMPLAINT** |

Defendant National Debt Relief, LLC ("NDR"), by and through its undersigned counsel, submits this Answer to Complaint filed by Plaintiff Gheorghe Vasile ("Plaintiff").

**INTRODUCTION**

1. NDR responds that Paragraph 1 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, NDR denies the allegations contained in paragraph 1 of the Complaint.

2. NDR denies the allegations in Paragraph 2 of the Complaint and specifically denies that any calls NDR made to Plaintiff violated the Telephone Consumer Protection Act (the "TCPA") and that Plaintiff or anyone he purports to represent in this action are entitled to any relief whatsoever.

3. NDR denies the allegations in Paragraph 3 of the Complaint and specifically denies that that Plaintiff never consented to receive calls from NDR because Plaintiff provided such consent by affirmatively submitting his telephone number to NDR and consenting to be contacted on August 9, 2024.

4. NDR denies the allegations in Paragraph 4 of the Complaint and specifically denies it has either inadvertently or knowingly and willfully violated the TCPA.

5. Answering Paragraph 5 of the Complaint, NDR is without knowledge of information sufficient to form a belief as to what Plaintiff or others "want" and therefore denies the allegations. NDR specifically denies that any calls it placed to Plaintiff can be characterized as "spam" in light of Plaintiff's explicit consent to be contacted by NDR.

6. NDR responds that Paragraph 6 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, NDR denies the allegations contained in paragraph 6 of the Complaint and specifically denies that Plaintiff or anyone he purports to represent in this action are entitled to any relief whatsoever

**JURISDICTION AND VENUE**

7. Answering Paragraph 7 of the Complaint, NDR does not challenge jurisdiction for purposes of this action only, but denies NDR has any liability to Plaintiff or anyone he purports to represent in this action.

8. Answering Paragraph 8 of the Complaint, NDR does not challenge venue for purposes of this action only, but denies NDR has any liability to Plaintiff or anyone he purports to represent in this action.

**PARTIES**

9. Answering Paragraph 9 of the Complaint, NDR lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies the allegations.

10. NDR admits the allegations in Paragraph 10 of the Complaint.

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

## FACTUAL ALLEGATIONS

11. Answering Paragraph 11 of the Complaint, NDR lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies the allegations.

12. NDR admits the allegations in Paragraph 11 of the Complaint.

13. NDR denies the allegations in Paragraph 13 of the Complaint and specifically denies that that Plaintiff never provided his phone number to NDR and never consented to receive any calls, including prerecorded voice calls, from NDR because Plaintiff provided such consent by affirmatively submitting his telephone number to NDR and consenting to be contacted on August 9, 2024.

14. Answering Paragraph 14 of the Complaint, NDR admits placing calls to Plaintiff in 2024 only after Plaintiff explicitly consented to receiving those calls on August 9, 2024. NDR denies making calls to Plaintiff in 2025 and no such calls are identified in the Complaint.

15. Answering Paragraph 15 of the Complaint, NDR lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies the allegations. NDR specifically denies that any calls it placed to Plaintiff were made with an automated dialer, that those calls were made without Plaintiff's consent and that Plaintiff or anyone he purports to represent in this action are entitled to any relief whatsoever.

16. Answering Paragraph 16 of the Complaint, NDR lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies the allegations.

17. Answering Paragraph 17 of the Complaint, NDR lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies the allegations.

18. Answering Paragraph 18 of the Complaint, NDR lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations in this

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

paragraph and, on that basis, denies the allegations. NDR specifically denies that any calls it placed to Plaintiff were made with an automated dialer, that those calls were made without Plaintiff's consent and that Plaintiff or anyone he purports to represent in this action are entitled to any relief whatsoever.

19. Answering Paragraph 19 of the Complaint, NDR lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies the allegations. NDR specifically denies that any calls it placed to Plaintiff were made with an automated dialer, that those calls were made without Plaintiff's consent and that Plaintiff or anyone he purports to represent in this action are entitled to any relief whatsoever.

20. Answering Paragraph 20 of the Complaint, NDR lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies the allegations.

21. Answering Paragraph 21 of the Complaint, NDR lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies the allegations.

22. Answering Paragraph 22 of the Complaint, NDR lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations in this paragraph and, on that basis, denies the allegations.

23. NDR denies the allegations in Paragraph 23 of the Complaint and specifically denies violating the TCPA because, among other things, Plaintiff consented to receive calls from NDR and NDR does not use an automated dialer to make calls. NDR further denies that Plaintiff or anyone he purports to represent in this action are entitled to any relief whatsoever.

24. NDR denies the allegations in Paragraph 24 of the Complaint and specifically denies that Plaintiff never expressed an interest in NDR's services because Plaintiff by affirmatively submitted his telephone number to NDR and consented to be contacted on August 9, 2024.

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

25. NDR denies the allegations in Paragraph 25 of the Complaint and specifically denies that NDR received Plaintiff's phone number from anyone other than Plaintiff directly.

26. NDR denies the allegations in Paragraph 26 of the Complaint and specifically denies that its calls to Plaintiff were unwanted in light of the consent provided by Plaintiff. NDR further denies that Plaintiff or anyone he purports to represent in this action are entitled to any relief whatsoever.

27. NDR denies the allegations in Paragraph 26 of the Complaint and denies that Plaintiff or anyone he purports to represent in this action are entitled to any relief whatsoever.

**LEGAL STANDARD**

28. NDR responds that Paragraph 28 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, NDR denies the allegations contained in paragraph 28 of the Complaint

**CLASS ACTION ALLEGATIONS**

29. Answering Paragraph 29, NDR denies that any class should be certified in this action and that this action is appropriate for class treatment.

30. Answering Paragraph 30, NDR denies that any class should be certified in this action and that this action is appropriate for class treatment.

**<u>NUMEROSITY</u>**

31. Answering Paragraph 31, NDR denies that any class should be certified in this action and that this action is appropriate for class treatment.

32. Answering Paragraph 32, NDR denies that any class should be certified in this action and that this action is appropriate for class treatment.

**<u>COMMONALITY</u>**

33. Answering Paragraph 33, NDR denies that any class should be certified in this action and that this action is appropriate for class treatment.

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

**TYPICALITY**

34. Answering Paragraph 34, NDR denies that any class should be certified in this action and that this action is appropriate for class treatment.

**ADEQUACY OF REPRESNTATION**

35. Answering Paragraph 35, NDR denies that any class should be certified in this action and that this action is appropriate for class treatment.

**PREDOMINANCE OF COMMON QUESTIONS**

36. Answering Paragraph 29, NDR denies that any class should be certified in this action and that this action is appropriate for class treatment.

**SUPERIORITY**

37. Answering Paragraph 37, NDR denies that any class should be certified in this action and that this action is appropriate for class treatment.

38. Answering Paragraph 29, NDR denies that any class should be certified in this action and that this action is appropriate for class treatment.

**FIRST CAUSE OF ACTION**

**Violations of 47 U.S.C. § 227(b) & 47 C.F.R. 64.1200(a)**

**(On Behalf of Vasile and the Prerecorded Voice Class)**

39. NDR denies the allegations in Paragraph 39 of the Complaint and specifically denies violating the TCPA because, among other things, Plaintiff consented to receive calls from NDR and NDR does not use an automated dialer to make calls. NDR further denies that Plaintiff or anyone he purports to represent in this action are entitled to any relief whatsoever.

40. NDR denies the allegations in Paragraph 40 of the Complaint and specifically denies violating the TCPA because, among other things, Plaintiff consented to receive calls from NDR and NDR does not use an automated dialer to make calls. NDR further denies that Plaintiff or anyone he purports to represent in this action are entitled to any relief whatsoever.

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

41. NDR denies the allegations in Paragraph 23 of the Complaint and specifically denies willfully violating the TCPA because, among other things, Plaintiff consented to receive calls from NDR and NDR does not use an automated dialer to make calls. NDR further denies that Plaintiff or anyone he purports to represent in this action are entitled to any relief whatsoever.

**PRAYER FOR RELIEF**

Answering Prayer for Relief and each subparagraph therein, NDR denies the allegations and any implication that Plaintiff's allegations have merit, that Plaintiff is entitled to any relief whatsoever and/or that that any class should be certified in this action or that this action is appropriate for class treatment.

NDR denies any allegation not specifically admitted above.

**DEFENSES AND AFFIRMATIVE DEFENSES**

Without assuming the burden of proof where it otherwise lies with Plaintiffs, NDR, as separate and distinct defenses to the Complaint and all the claims alleged therein, alleges as follows on information and belief:

**FIRST DEFENSE**

(Agreement to Arbitrate)

Plaintiff's claims, and the claims of the members of the purported class, are subject to binding individual, non-class arbitration pursuant to the arbitration agreement contained in the terms and conditions governing the parties' relationship. NDR reserves the right to compel arbitration pursuant to that agreement.

**SECOND DEFENSE**

(Failure to State a Claim)

The Complaint, and each purported claim alleged therein, fails to set forth facts sufficient to state a claim against NDR.

**THIRD DEFENSE**

(Consent)

Plaintiff and any person he purports to represent is barred, in whole or in part, from

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

maintaining the alleged claims to the extent Plaintiff and any person he purports to represent provided "prior express consent" within the meaning of the TCPA for all calls allegedly placed by NDR.

**FOURTH DEFENSE**

(Estoppel)

The Complaint is barred, in whole or in part, by the conduct, actions and inactions of Plaintiff, as well as the conduct, action and inactions of any person he purports to represent, which amount to and constitute an estoppel of the claims and any relief sought thereby.

**FIFTH DEFENSE**

(Waiver)

Plaintiff's claims are barred, in whole or in part, by the conduct, actions and inactions of Plaintiff, as well as the conduct, action and inactions of any person he purports to represent, which amount to and constitute a waiver of any right or rights Plaintiff or any person he purports to represent may or might have in relation to the matters alleged in the Complaint.

**SIXTH DEFENSE**

(Laches)

The Complaint is barred from recovery by the doctrine of laches because Plaintiff and any person he purports to represent knew of the purported acts or omissions and was fully aware of her rights against NDR (if any), but nevertheless inexcusably and unreasonably delayed in asserting those rights to the prejudice of NDR.

**SEVENTH DEFENSE**

(Failure to Mitigate)

To the extent that Plaintiff and any person he purports to represent has suffered any damage as a result of the matters alleged in the Complaint, Plaintiff and any person he purports to represent failed to mitigate those damages and the claims therefore are barred, in whole or in part.

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

**EIGHTH DEFENSE**

(Lack of Standing)

The Complaint, and each claim and cause of action set forth therein, is barred, in whole or in part, because Plaintiff and any person he purports to represent suffered no injury, actual damages, or concrete and/or particularized injury-in-fact, as a result of any act or practice of NDR and, therefore, lack standing to assert a claim.

**NINTH DEFENSE**

(Statute of Limitations)

The Complaint is barred in whole or in part by the applicable statute of limitations including, without limitation, 28 U.S.C. § 1658.

**TENTH DEFENSE**

(Due Process)

The imposition of liability and/or statutory damages of up to $1,500 per call under the TCPA would violate provisions of the United States Constitution, including the Due Process Clause, on the grounds, among others, that the recovery of statutory damages of up to $1,500 per call would be wholly disproportionate to the offense and unreasonable.

**ELEVENTH DEFENSE**

(Not Knowing or Willful)

Plaintiff and any person he purports to represent is precluded from any recovery for a willful and knowing violation of the TCPA because any such violation (which NDR denies occurred) would not have been willful or knowing.

**TWELFTH DEFENSE**

(Setoff)

The claims alleged by Plaintiff and any person he purports to represent are subject to a setoff and/or recoupment.

**THIRTEENTH DEFENSE**

(Res Judicata/Collateral Estoppel)

The Complaint is barred to the extent Plaintiff and any person he purports to

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400

represent are a member of a class action and did not properly opt out of the class. Accordingly, the Complaint is barred by the doctrines of res judicata and/or collateral estoppel.

the arbitration agreement contained in the terms and conditions on NDR's website.

**FOURTEENTH DEFENSE**

(Constitutionality)

The Complaint, and each claim and cause of action set forth therein, is barred, in whole or in part, because to statute upon which it is based has been deemed unconstitutional.

***

NDR expressly reserves the right to assert such other and further defenses and affirmative defenses as may be appropriate, based on its ongoing investigation and/or documents and information obtained from Plaintiff.

WHEREFORE, NDR requests the following relief:

(1) That Plaintiff's Complaint be dismissed with prejudice;

(2) That Plaintiff take nothing by virtue of the Complaint;

(3) That judgment be entered in favor of NDR;

(4) That the Court award NDR its fees, expenses and costs to the full extent permitted by law; and

(5) That the Court award such other relief as is just and proper under the circumstances.

RESPECTFULLY SUBMITTED this 19th day of December, 2025.

BALLARD SPAHR LLP

By: */s/ Craig C. Hoffman*
Craig C. Hoffman
Tyler Hodgin
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
*Attorneys for National Debt Relief, LLC*

## CERTIFICATE OF SERVICE

I certify that on the 19th day of December, 2025, I electronically transmitted a PDF version of this document to the Office of the Clerk of the Court, using the CM/ECF System for filing. A complete copy of the foregoing was sent via email this same date to the following:

Reid Hudson
Reid.hudson@thehqfirm.com
Karissa Murphy
Karissa.Murphy@thehqfirm.com
7533 S. Center View Ct.
#4424
West Jordan, UT 84084

*/s/Christina M. Kinsey*

Ballard Spahr LLP
1 East Washington Street, Suite 2300
Phoenix, AZ 85004-2555
Telephone: 602.798.5400